GABRIELLE M. WIRTH - SBN 106492
wirth.gabrielle@dorsey.com
PAVLINA K. RAFTER - SBN 304181
rafter.pavlina@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

Attorneys for Defendant
CANON INFORMATION TECHNOLOGY SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| STEPHANIE NICOLE GONZALEZ-COLON, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>FRASCO, INC. d/b/a FRASCOPROFILES, CANON INFORMATION TECHNOLOGY SERVICES, INC, and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO. 2:25-CV-04414<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom 8B<br><br>[Los Angeles Superior Court Case No. 25NNCV02482]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CANON INFORMATION TECHNOLOGY SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Filed concurrently with Notice of Motion and Motion; Declaration of Pavlina Rafter, Declaration of Brian Griggs, and [Proposed] Order]<br><br>**DATE: August 14, 2025**<br>**TIME: 10:00 A.M.**<br>**PLACE: United States Courthouse**<br>**350 West First Street**<br>**Los Angeles, CA 90012**<br>**Courtroom 8b, 8th Floor**<br><br>Complaint Filed: April 10, 2025<br>Trial Date: Not Set |

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ..................................................................................................1

II. RELEVANT FACTUAL ALLEGATIONS IN THE COMPLAINT ............2

III. PROCEDURAL HISTORY AND JURISDICTIONAL FACTS ..................3

IV. ARGUMENT .......................................................................................................4

    A.  LEGAL STANDARD ................................................................................4

    B.  THE COURT MUST DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION BECAUSE IT LACKS PERSONAL JURISDICTION OVER DEFENDANT CITS ....................................5

        1.  The Court Does Not Have General Jurisdiction Over CITS ..........................5

            a.  CITS is not "At Home" In This Forum ...........................7

            b.  There Are No Exceptional Circumstances Warranting an Exercise of General Jurisdiction Over CITS ...................7

        2.  The Court Does Not Have Specific Jurisdiction Over CITS .............................9

            a.  Plaintiff Cannot Show That CITS Purposefully Directed Its Activities at California .............................11

            b.  Plaintiff Cannot Show That Plaintiff's Claim Against CITS Arises Out of Or Relates to CITS's Activities In California ...................12

            c.  Exercise of Personal Jurisdiction Over CITS In This Context Would Be Unreasonable ...........................12

V.  CONCLUSION .................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ama Multimedia, LLC v. Wanat*,
   970 F.3d 1201 (9th Cir. 2020) .............................................................................. 4

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
   11 F.4th 972 (9th Cir. 2021) ................................................................................. 2

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*,
   223 F.3d 1082 (9th Cir. 2000) ........................................................................ 6, 8

*Brainerd v. Governors of Univ. of Alberta*,
   873 F.2d 1257 (9th Cir. 1989) .............................................................................. 4

*Brand v. Menlove Dodge*,
   796 F.2d 1070 (9th Cir. 1986) .............................................................................. 8

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*,
   582 U.S. 255 (2017) ...................................................................................... 9, 10

*Burger King v. Rudzewicz*,
   471 U.S. 462 (1985) .............................................................................................. 9

*Calder v. Jones*,
   465 U.S. 783 (1984) ............................................................................................ 11

*Campbell Pet Co. v. Miale*,
   542 F.3d 879 (Fed. Cir. 2008) ............................................................................. 8

*CE Distribution, LLC v. New Sensor Corp.*,
   380 F.3d 1107 (9th Cir. 2004) ............................................................................ 13

*CollegeSource, Inc. v. AcademyOne*, Inc.,
   653 F.3d 1066 (9th Cir. 2011) ..................................................................... 10, 11

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ............................................................................... 5, 6, 7, 8

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*,
   592 U.S. 351 (2021) ..................................................................................... 5, 10

*Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*,
  905 F.3d 597 (9th Cir. 2018) .................................................................................. 2

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co.*,
  284 F.3d 1114 (9th Cir. 2002) ................................................................................ 8

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
  564 U.S. 915 (2011) ................................................................................................ 6

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
  328 F.3d 1122 (9th Cir. 2003) ......................................................................... 4, 12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ..................................................................................... 5, 6, 8

*Impossible Foods Inc. v. Impossible X LLC*,
  80 F.4th 1079 (9th Cir. 2023) .............................................................................. 11

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ................................................................................................ 5

*Kambarov v. Accurate Background, LLC*,
  No. 3:23-cv-01103-YY, 2024 U.S. Dist. LEXIS 239137 (D. Or.
  Dec. 2, 2024) ......................................................................................................... 11

*Laub v. Horbaczewski*,
  No. LA CV17-6210 JAK (KS), 2018 U.S. Dist. LEXIS 229374
  (C.D. Cal. Mar. 16, 2018) ....................................................................................... 9

*Martinez v. Aero Caribbean*,
  764 F.3d 1062 (9th Cir. 2014) ......................................................................... 5, 6, 9

*In re Packaged Seafood Prods. Litig.*,
  338 F. Supp. 3d 1118 (S.D. Cal. 2018) ................................................................. 6

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) .............................................................................. 10

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) ................................................................................ 7

*Ruhrgas AG v. Marathon Oil Co.*,
  526 U.S. 574 (1999) ................................................................................................ 5

*Sasin v. Enter. Fin. Grp., Inc.*,
  No. CV 17-4022-CBM-RAO, 2017 U.S. Dist. LEXIS 229459 (C.D.
  Cal. Nov. 21, 2017) ................................................................................................ 7

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ..................................................................... 4, 10, 11

*Scott v. Breeland*,
  792 F.2d 925 (9th Cir. 1986) ................................................................................ 4

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ................................................................................ 4

*Williams v. Yamaha Motor Co.*,
  851 F.3d 1015 (9th Cir. 2017) .............................................................................. 8

**Statutes**

15 U.S.C. § 1681 ......................................................................................................... 2, 11

15 U.S.C. § 1681b(b)(3) ................................................................................................. 2

15 U.S.C. § 1681e(b) ...................................................................................................... 2

15 U.S.C. § 1681i ........................................................................................................... 2

28 U.S.C. § 1331 ............................................................................................................ 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) ......................................................................................... 1, 4, 14

iii
MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
CASE NUMBER: 2:25-CV-04414

<h1 style="text-align:center">MEMORANDUM OF POINTS AND AUTHORITIES</h1>

## I.   INTRODUCTION

This Court should dismiss Plaintiff Stephanie Nicole Gonzalez-Colon's ("Plaintiff") cause of action against Defendant Canon Information Technology Services, Inc. ("CITS" or "Defendant") because Plaintiff cannot meet her burden to show that this Court has personal jurisdiction over Defendant CITS.

First, Plaintiff has failed to adequately allege that CITS is subject to general jurisdiction in this forum.  CITS is incorporated under the laws of Virginia, and has its principal place of business in Chesapeake, Virginia. Plaintiff *admits* that CITS is not incorporated in California, and she does not, and cannot, demonstrate that CITS has its principal place of business in California.

Additionally, Plaintiff has failed to adequately allege that CITS is subject to specific jurisdiction.  The Complaint cites *no facts* that specifically demonstrate how CITS has purposefully directed its activities towards California, purposefully availed itself of this forum or otherwise engaged in activities in this forum that gave rise to Plaintiff's alleged injuries.  CITS does not have any operations or employees in California and has no connection to California relevant to the claims in this case.  Indeed, the Complaint fails to reference any facts whatsoever to trigger specific jurisdiction, concedes that Plaintiff is a Florida resident, that CITS is a Virginia corporation and refers to Plaintiff's application for employment in Florida (for a position in Florida).  That CITS used the services of California-based co-Defendant Frasco, Inc. d/b/a Frascoprofiles ("Frasco") to provide a background report in relation to Plaintiff's application for employment is simply not enough to support an exercise of personal jurisdiction here.

Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(2), CITS respectfully requests that this Court dismiss Plaintiff's claims against it.

## II. RELEVANT FACTUAL ALLEGATIONS IN THE COMPLAINT

In her Complaint, Plaintiff alleges three claims against both Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"). Specifically, Plaintiff alleges that: Defendant CITS violated 15 USC §1681b(b)(3) (First Cause of Action) and that Defendant Frasco violated 15 USC §1681e(b) (Second Cause of Action) and 15 USC §1681i (Third Cause of Action).

Plaintiff, a resident of Tampa, Florida, submitted an employment application for a job position in Florida[1] to Defendant CITS, a Virginia company. Compl. ¶¶ 3, 13, 16. Plaintiff was offered employment with CITS in that position, conditioned on successful completion of a background check. *Id.* ¶ 3-4. CITS "procured a background check report from Defendant Frasco," a California company which "offers employment-purpose background screening reports." Compl. ¶¶ 1, 4. Plaintiff further alleges that Defendant Frasco "reported false information not belonging to Plaintiff on Plaintiff's report," and that Defendant CITS "rescinded its employment offer to Plaintiff on the basis of the erroneous information disclosed on Plaintiff's report." Compl. ¶¶ 5-7.

The Complaint asserts just one claim against CITS: in her First Cause of Action, Plaintiff alleges that CITS violated its statutory duty under the FCRA to provide a pre-adverse action notice[2] in violation of the FCRA, 15 USC § 1681

---

[1] The posted role was remote; however, to be eligible for a remote role the successful candidate would need to reside in any of Colorado, Florida, Georgia, Iowa, Illinois, Indiana, Louisiana, Massachusetts, North Carolina, New Mexico, New York, Ohio, South Carolina, Tennessee, Virginia, or West Virginia. See Declaration of Brian Griggs ("Griggs Decl."), ¶ 6. Plaintiff lived in Florida. *Id.*; Compl. ¶ 13.

[2] CITS denies this allegation. However, CITS takes all facts as true, as it must, for purposes of this Motion only. "Uncontroverted allegations in the complaint must be taken as true, and factual disputes are construed in the plaintiff's favor." *Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). On the other hand, a district court "'may not assume the truth of allegations in a pleading which are contradicted by affidavit.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 978 (9th Cir. 2021).

b(b)(3). Compl. ¶¶ 21-23. Though she claims not to have received a pre-adverse action notice, Plaintiff admits that she "disputed the mixed file with Defendant Frasco," specifically the conviction reported on her report, but that Frasco failed to conduct a "reasonable investigation of Plaintiff's dispute." Compl. ¶¶ 34-37.

### III. PROCEDURAL HISTORY AND JURISDICTIONAL FACTS

Plaintiff filed a complaint against Defendants Frasco and CITS in the Los Angeles County Superior Court on April 10, 2025. (Dkt. No. 1-2, Ex. B). CITS timely removed the action to this Court on May 16, 2025 on grounds of federal question jurisdiction under 28 U.S.C. section 1331 (Dkt. Nos. 1.).

Defendant CITS is a Virginia corporation. CITS is organized under the laws of the State of Virginia and has its principal place of business in the State of Virginia. *See* Griggs Decl., ¶ 2. CITS has never been incorporated in California and has never had its principal place of business or headquarters in California. CITS does not lease, own, or operate any offices in California. *Id*. at ¶¶ 2, 4. Defendant's executive team and the majority of its employees work from its facilities in Chesapeake, Virginia. CITS also files its corporate income tax returns in the state of Virginia, and maintains the bulk of its corporate records in Virginia. CITS does not have any operations or employees in California. *Id*. at ¶¶ 3, 4.

CITS "offers customer service solutions, data and analytics reporting, and technical support." CITS has approximately 267 employees, the large majority of whom work out of CITS's offices in Virginia or remotely from within Virginia. The remainder work remotely in one of the following states: Colorado, Florida, Georgia, Iowa, Illinois, Indiana, Louisiana, Massachusetts, North Carolina, New Mexico, New York, Ohio, South Carolina, Tennessee, Virginia or West Virginia, but report to other employees who work at CITS's offices in Virginia. *Id*. at ¶ 4. CITS does not operate any offices in California to sell its services and is not registered to do business in California. *Id*. at ¶ 4. The CITS Employee Development & Talent Acquisition

Specialist who requested the background check report from Defendant Frasco in connection with Plaintiff's application for employment with CITS is located in Chesapeake, Virginia. *Id*. at ¶ 5.

Plaintiff is a resident of Tampa, Florida and submitted an application for employment to CITS in Florida. *See* Compl. ¶ 13. The Complaint does not allege that Plaintiff or CITS took any action or engaged in any conduct in California. *See* Compl., generally.

## IV. ARGUMENT

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to move for dismissal due to lack of personal jurisdiction. "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Personal jurisdiction over each defendant must be analyzed separately." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003), citing *Brainerd v. Governors of Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989). To establish personal jurisdiction, the plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citation omitted). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). "[D]isputed allegations in the complaint that are not supported with evidence or affidavits cannot establish jurisdiction." *Ama Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020) (overruled on other grounds, internal citation omitted).

## B. THE COURT MUST DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION BECAUSE IT LACKS PERSONAL JURISDICTION OVER DEFENDANT CITS

The Court should dismiss the claim against Defendant CITS on the basis that it lacks personal jurisdiction over it. Plaintiff fails to cite a single jurisdictional fact or any fact demonstrating that it would be reasonable to force CITS to litigate in California. It is well-settled that personal jurisdiction "is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999) (citation omitted). In order for the Court to exercise personal jurisdiction over a non-resident defendant, that defendant must have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

There are two types of personal jurisdiction: general, or "all-purpose," jurisdiction and specific, or "case-linked," jurisdiction. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 358-359 (2021); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). The strength of contacts required depends on which of the two categories of personal jurisdiction the plaintiff invokes: general jurisdiction or specific jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 126-127 (2014); *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014). There is no basis for the exercise of either general or specific jurisdiction over Defendant CITS, and the Complaint fails to allege any.

### 1. The Court Does Not Have General Jurisdiction Over CITS

The standard for obtaining general personal jurisdiction over a corporation is "demanding." *Martinez*, 764 F.3d at 1070, citing *Daimler*, 571 U.S. 117 (2014). A business entity is subject to general jurisdiction in the states where it is incorporated

and/or has its principal place of business. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011); *In re Packaged Seafood Prods. Litig.*, 338 F. Supp. 3d 1118, 1139 n. 14 (S.D. Cal. 2018) (finding a limited liability corporation subject to the general jurisdiction of the states encompassing its principal place of business and where it was incorporated).

CITS is incorporated in Virginia and has its principal place of business there. Griggs Decl., ¶ 2. Since neither provides an avenue to California, Plaintiff must establish that this is the "exceptional case" where CITS's contacts with California are so "substantial" or "systematic" that it should be expected to defend itself in California for any dispute. *Daimler*, 571 U.S. at 138-139; n.19. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez*, 764 F.3d at 1070 (citing *Daimler*, 571 U.S. at 138-139; n.19). Only if a defendant's contacts in the state are "substantial" or "continuous" is such an exception made. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)(overruled in part on other grounds), citing *Helicopteros*, 466 U.S. at 415.

Plaintiff cannot show that the Court has general jurisdiction over CITS on any basis, particularly because it cannot show that CITS is incorporated or has its principal place of business in this forum. *Daimler*, 571 U.S. at 138-39. It is beyond dispute that CITS is not incorporated in California. Griggs Decl. at ¶ 2. It does not have any offices in California ; does not own property in California. (Id. ¶ 4); is not registered to do business in California. *Id*. Defendant's corporate offices, its officers, and all of its approximately 267 employees either work out of its corporate offices in Virginia, report to other employees who work at its corporate offices in Virginia or work remotely in one of the following states: Colorado, Florida, Georgia, Iowa, Illinois, Indiana, Louisiana, Massachusetts, North Carolina, New Mexico, New York, Ohio, South Carolina, Tennessee, Virginia or West Virginia. *Id*. at ¶ 4.

### a. CITS is not "At Home" In This Forum

In determining whether a corporate defendant is "at home" in a given forum, which is an "exacting" inquiry, courts primarily consider where the defendant is incorporated or has its principal place of business. *Daimler*, 571 U.S. at 138-39; *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (noting that the "at home" inquiry is an "exacting standard."); see *Sasin v. Enter. Fin. Grp., Inc.*, No. CV 17-4022-CBM-RAO, 2017 U.S. Dist. LEXIS 229459, at *9 (C.D. Cal. Nov. 21, 2017) (declining to exercise general jurisdiction even if defendant had made sales to California residents; noting that it would be "unacceptably grasping" to exercise general jurisdiction "in every state in which a corporation engages in a substantial, continuous, and systematic course of business.") (quoting *Daimler*, 571 U.S. at 138).

Here, Plaintiff has not alleged or shown that Defendant CITS is incorporated or has its principal place of business in California, nor does it. Griggs Decl., ¶ 2. In fact, Plaintiff admits that CITS "is headquartered at 850 Greenbrier Circle, Suite K, Chesapeake, VA 23320." *See* Compl. ¶ 16. CITS does not lease, own, or operate any offices in California; CITS's executive team is not in California; and CITS does not have any operations or employees in California. Griggs Decl., at ¶¶ 2-4. The CITS employee who requested the background check report from Defendant Frasco in connection with Plaintiff's application for employment with CITS is located in Chesapeake, Virginia. *Id*. at ¶ 5. Therefore, the exercise of general jurisdiction is not warranted.

### b. There Are No Exceptional Circumstances Warranting an Exercise of General Jurisdiction Over CITS

General jurisdiction may be possible in "exceptional cases" where the defendant's operations in the forum are "so substantial and of such a nature as to render the corporation at home in that State." However, Plaintiff asserts no basis on which such exceptional circumstances may be found. *See Daimler*, 571 U.S. 117,

139 n.19; *see also Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017); see Compl., generally.

Plaintiff makes no allegations whatsoever regarding CITS's contacts with, or connection to California, other than, "[i]n connection with Plaintiff's employment application" CITS "procured a background check report from [California] Defendant Frasco." Compl. ¶ 4. This falls far short of the "exceptional case" that would render Defendant "at home" in California. Even engaging in commerce in California does not subject a non-resident corporation to general jurisdiction in California. *See Helicopteros,* 466 U.S. at 418-419 (no general jurisdiction over a helicopter transportation company that purchased 80% of its helicopters, parts, and accessories from Texas over a four year period). Indeed, "engaging in commerce [with those who do business] in the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Bancroft & Masters,* 223 F.3d at 1086; *accord Campbell Pet Co. v. Miale*, 542 F.3d 879, 882-883 (Fed. Cir. 2008) (selling to customers, attending trade shows in Washington insufficient to establish general jurisdiction). A company must be doing business "in" the state, and not just "with" individuals in the state. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co*., 284 F.3d 1114, 1125 (9th Cir. 2002). In *Bancroft & Masters*, the Ninth Circuit held that no general jurisdiction existed over the defendant because its contacts with California, consisting of license agreements with several California television networks and vendors, constituted doing business *with* California and not *in* California. *Id*. at 1086. Even sizable sales in a state are insufficient to establish general jurisdiction. *See Daimler*, 134 S. Ct. at 761-762 (defendants were not incorporated in California, did not have their principal places of business in California, and even "*sizable*" sales would not suffice to confer general jurisdiction).[3]

---

[3] *See also Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (the

As the Ninth Circuit noted in *Martinez*, 764 F.3d at 1070, "*Daimler* makes clear the demanding nature of the standard for general personal jurisdiction over a corporation." The court in *Martinez*, following the court in *Daimler*, rejected the argument that general jurisdiction is appropriate whenever a corporation "engages in a substantial, continuous, and systematic course of business" in a state. *Id.* (citation omitted).

Considering that *Plaintiff herself* is not even located in California but instead is a resident of Tampa, Florida, applied for employment in Florida and allegedly suffered damages in Florida (*see* Compl. ¶ 13), there is no basis on which any exceptional circumstances should be found here. Plaintiff's only real nexus to California appears to be that she chose a lawyer based is Los Angeles County to represent her. This is far from sufficient. Plaintiff has failed to establish that this Court has general jurisdiction over CITS.

## 2.     The Court Does Not Have Specific Jurisdiction Over CITS

Plaintiff also has failed to allege that the Court has specific jurisdiction over CITS, since she has not shown that "the very controversy" at issue here establishes jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). Specific jurisdiction only exists when a defendant has "*purposely directed*" its activities at residents of the forum "and the litigation results from alleged injuries that *'arise out of or relate to'* those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) (emphasis added).

Due process requires a direct connection between the alleged harm and the defendant's contacts with the forum state. In other words, 'there must be "an

---

defendant's occasional sales to California residents and sales the defendant knew would be resold in California were "neither 'substantial' nor 'systematic and continuous'"); *Laub v. Horbaczewski*, No. LA CV17-6210 JAK (KS), 2018 U.S. Dist. LEXIS 229374, at *15-16 (C.D. Cal. Mar. 16, 2018) (no general jurisdiction where defendant had a California office and five California employees).

affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 359-60 (quoting *Bristol-Myers Squibb Co.*, 582 U.S. at 262) (internal citations omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co.*, 582 U.S. at 264; *see also Schwarzenegger*, 374 F.3d at 802 ("the claim must be one which arises out of or relates to the defendant's forum-related activities" and "the exercise of jurisdiction must comport with fair play and substantial justice").

The Ninth Circuit employs a three-part test to assess whether a defendant has sufficient contacts with the forum state such that it is subject to specific personal jurisdiction:

> "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Picot v. Weston*, 780 F.3d 1206, 1211-12 (9th Cir. 2015), citing *Schwarzenegger*, 374 F.3d at 802. The plaintiff has the burden of proving the first two prongs. *Picot*, 780 F.3d at 1211, citing *CollegeSource, Inc. v. AcademyOne*, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011). If she does so, the burden shifts to the defendant to "set forth a

'compelling case' that the exercise of jurisdiction would not be reasonable." *Id*. (internal citations omitted). Plaintiff cannot meet her burden.

### a. Plaintiff Cannot Show That CITS Purposefully Directed Its Activities at California

As to the first prong, Plaintiff has not demonstrated that CITS has purposely directed its activities, or purposefully availed itself of benefits within this forum. Plaintiff's claims against CITS do not arise out of any action that CITS took (or failed to take) in California. The CITS employees who evaluate background checks and request the transmittal of pre-adverse action notices are located in Virginia. Griggs Decl. ¶ 4-5. "When a defendant's conduct primarily occurs outside the forum state, we generally apply the purposeful direction test and look to whether the defendant expressly aimed acts at the forum state knowing that they would harm the plaintiff there. Purposeful availment, meanwhile, is satisfied when the defendant has taken deliberate action within the forum state or has created continuing obligations to forum residents." *Kambarov v. Accurate Background, LLC*, No. 3:23-cv-01103-YY, 2024 U.S. Dist. LEXIS 239137, at *8 (D. Or. Dec. 2, 2024) (applying purposeful direction analysis to FCRA claim) (citing *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1088 (9th Cir. 2023). The Ninth Circuit uses the "effects test" taken from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), to evaluate purposeful direction. *Id*. at *8-9; see also *Schwarzenegger*, 374 F. 3d at 803. Under this test, "'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is *likely to be suffered in the forum state*.'" *Kambarov*, No. 3:23-cv-01103-YY, 2024 U.S. Dist. LEXIS 239137, at *9 (emphasis added, internal citation omitted). Here, none of the elements of the test can be met. Significantly, none of CITS's actions with respect to Plaintiff were "expressly aimed" at California, nor was any harm "likely to be suffered in California." Indeed, *no* harm was suffered in California.

That CITS received the background report from a California entity does not alter the analysis and bears no relation to the claim against CITS, as the only claim against CITS is based on an alleged failure to provide a pre-adverse action notice—an event which would have occurred *outside* of this forum as it would have originated from CITS in Virginia when it requested Frasco to send the notice and would have been sent to Plaintiff in Florida.  *See* Compl. ¶¶ 13, 16, 21.  "Personal jurisdiction over each defendant must be analyzed separately."  *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd*., 328 F.3d at 1130.  Plaintiff's allegations are devoid of any specific means by which CITS's purported failure to act specifically targeted this forum.

    **b. Plaintiff Cannot Show That Plaintiff's Claim Against CITS Arises Out of Or Relates to CITS's Activities In California**

As to the second prong, Plaintiff's claims against CITS do not arise out of *CITS's activity* in California.  The Court cannot exercise specific jurisdiction over non-resident CITS because Defendant's alleged wrongful conduct as to Plaintiff—allegedly failing to provide her pre-adverse action notice—would have "taken place" outside of California as the CITS Employee Development & Talent Acquisition Specialist who processed her job application and requested the background check is located in Virginia. Compl., ¶¶ 3, 4, 7, 21-25; Griggs Decl. at ¶ 5.  None of the CITS functions relevant to Plaintiff's claims against CITS took place in California.  Decl. at ¶ 5.

    **c. Exercise of Personal Jurisdiction Over CITS In This Context Would Be Unreasonable**

As to the third prong, exercising jurisdiction over CITS in California would not be reasonable or "comport with fair play and substantial justice" where it has sufficiently established it is not subject to personal jurisdiction.  In determining

whether the exercise of jurisdiction is reasonable, courts consider the following seven factors: "(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004).

As outlined more fully above, CITS has not "purposefully interjected" itself into the forum state's affairs by simply utilizing the services of Frasco to procure a background check. That background check would have been reviewed by CITS in Virginia. Plaintiff is a Florida resident who applied for a job to be performed in Florida. She alleges that CITS failed to provide a required notice to her. All of CITS's relevant documents and witnesses are in Virginia. Griggs Decl. ¶ 2-5. CITS would be burdened by having to defend itself in California. Any purported harm suffered by Plaintiff would have been felt where she is located—in Florida. It would be entirely unreasonable and unfair to drag CITS to litigate in California under these facts.

Because the Complaint does not allege any facts that support a conclusion that this Court may exercise general jurisdiction over CITS, Plaintiff's cause of action against CITS should be dismissed for lack of jurisdiction. CITS has not "purposely directed" its activities at residents of this forum, Plaintiff's claims against CITS do not arise out of any alleged CITS contacts with California and thus there is no basis for the exercise of specific jurisdiction over CITS. Further, since no facts exist that, if alleged, would empower the Court to assert specific jurisdiction, any amendment of the Complaint would be futile and leave to amend should thus be denied.

## V. CONCLUSION

For the foregoing reasons, CITS respectfully requests that this Court grant its motion pursuant to Fed. R. Civ. P. 12(b)(2) and dismiss Plaintiff's First Cause of Action against CITS its entirety, with prejudice, and grant such additional relief as the Court may deem appropriate and proper.

Dated: June 4, 2025                     DORSEY & WHITNEY LLP


                                        By: /s/ Pavlina K. Rafter
                                            Gabrielle M. Wirth
                                            Pavlina K. Rafter
                                            Attorneys for Defendant
                                            CANON INFORMATION
                                            TECHNOLOGY SERVICES, INC.

# CERTIFICATE OF SERVICE

All Case Participants are registered for the USDC CM/ECF System

*Stephanie Nicole Gonzalez-Colon v. Frasco, Inc. D/B/A Frascoprofiles, Canon Information Technology Services, Inc*
*United States District Court*
*Central District of California – Western Division*
*Case No.: 2:25−CV−04414*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CANON INFORMATION TECHNOLOGY SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I hereby certify on June 4, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

DATED: June 4, 2025                         DORSEY & WHITNEY LLP

                                            By: /s/Pavlina K. Rafter
                                                Pavlina K. Rafter