June D. Coleman (SBN 191890)
MESSER STRICKLER BURNETTE, LTD.
5960 South Land Park Drive #1059
Sacramento, CA 95822
(916) 502-1768 Direct
(312) 334-3475 Fax
jcoleman@messerstrickler.com

Attorneys for Defendant
FRASCO, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| STEPHANIE NICOLE GONZALEZ-COLON, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>FRASCO, INC. d/b/a FRASCOPROFILES, CANON INFORMATION TECHNOLOGY SERVICES, INC, and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO. 2:25-CV-04414-MEMF-E<br><br>**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT FRASCO, INC.**<br><br>Honorable Maame Ewusi-Mensah Frimpong |

Defendant FRASCO, INC. ("Frasco") hereby submits the following Answer to the Complaint in this action by Plaintiff STEPHANIE NICOLE GONZALEZ-COLON ("Plaintiff") and avers as follows:

**ANSWER TO NATURE OF THE ACTION**

1. Admitted in part and denied in part. Frasco admits it was an investigative

consumer reporting agency that offered employment background screening reports for employers. The reports included but were not limited to the criminal history background of prospective employees.

2. Denied. Frasco denies the allegations in this paragraph as they are directed to co-defendant, Canon Information Technology Services, Inc. ("Canon").

3. Admitted, on information and belief, that Plaintiff was conditionally hired by her prospective employer, Defendant Canon as a "Technical Support Representative I."

4. Admitted in part and denied in part. Frasco admits that Canon requested that Frasco provide a background check report to Canon concerning Plaintiff on April 13, 2023; Frasco denies that Canon received a copy of the initial report on April 13, 2023, but that Frasco provided Canon with the April 18, 2023 Report on April 18, 2023.

5. Denied. Frasco denies that it reported false information not belonging to Plaintiff in its April 18, 2023 Report and denies that Plaintiff was a victim of a "mixed file." The remaining allegations in this paragraph are not directed to Frasco such that no response is required. To the extent a response is required, denied.

6. Admitted in part and denied in part. Frasco admits that the report it prepared concerning Plaintiff stated that Plaintiff was convicted of a misdemeanor for Petit Larceny under the name "Stephanie Diaz" but denies that the conviction information was erroneous. To the contrary, "Stephanie Diaz" was identified as a known alias for Plaintiff and the full date of birth of Plaintiff and Stephanie Diaz were a match.

7. Admitted in part and denied in part. Frasco admits that Canon rescinded its employment offer to Plaintiff but denies that it did so on the basis of erroneous information disclosed in Plaintiff's report. To the contrary, Plaintiff's report did not include any erroneous information. Further responding, on information and belief, Plaintiff's job offer would have been rescinded for various reasons, including due to Plaintiff's material misrepresentations in her application with Canon, that (1) she graduated from Keiser University, when in fact she had not and (2) her length of employment with Tampa General Hospital, stating that she worked there for 8 months when in fact she worked there for

about two months.

8. Admitted in part and denied in part. Frasco admits that the conviction record on Plaintiff's record is a matter of public information but denies that it is "easily verifiable" against a public source using personally identifying information. To the contrary, one must have access to Plaintiff's history of aliases, one of which is "Stephanie Diaz," and Plaintiff's other personally identifying information to determine that Plaintiff was the person convicted of misdemeanor Petit Larceny in New York such that the conviction was properly included in Plaintiff's background report.

9. Denied. Frasco denies that it failed to take reasonable steps to verify that the conviction information included in Plaintiff's report belonged to Plaintiff. To the contrary, as previously disclosed to Plaintiff's counsel, after providing Plaintiff's background report to Canon, Frasco undertook a reinvestigation of the criminal conviction information and verified the accuracy of the match by alias name, date of birth, and address, identified through a social security search using the social security number provided by Plaintiff.

10. Admitted. Frasco admits that, on April 21, 2023, Plaintiff disputed certain aspects of the April 18, 2023 Report to Frasco. Frasco further admits, following its reinvestigation, Frasco confirmed the accuracy of the conviction in the Report.

11. Denied. Frasco denies liability to Plaintiff under the FCRA and denies that it was a proximate or direct cause of any perceived harm claimed by Plaintiff, including alleged harm in the form of emotional distress and denial of employment with co-defendant Canon. A factual basis for these conclusory allegations is demanded of Plaintiff.

12. Admitted in part and denied in part. Frasco admits that Plaintiff seeks recovery for actual and statutory damages but denies that any damages could properly be assessed to Frasco in the absence of any violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA") on Frasco's part. A factual basis for liability and as to each claimed damage is demanded of Plaintiff.

## ANSWER TO THE PARTIES

13. Admitted, on information and belief, that Plaintiff is an individual residing in

Tampa, Florida.

14.  Admitted. Frasco admits that it does business as FrascoProfiles and that it maintains a place of business at the address set forth in this paragraph.

15.  Admitted in part and denied in part. Frasco admits that it is a consumer reporting agency within the meaning of the FCRA and is a seller of consumer reports within the meaning of 15 U.S.C. § 1681a. Unless otherwise admitted, Frasco denies the allegations in this paragraph.

16.  Denied. The allegations in this paragraph are directed to co-defendant Canon and Frasco lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies these allegations.

17.  Admitted.  Frasco admits that Plaintiff is ignorant of the defendants named as DOES 1-10 and that she sues these unidentified parties in the hope of identifying these parties in the course of discovery, should any such parties exist.

18.  Denied. Frasco lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies these allegations.

19.  Denied. Frasco lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore denies these allegations.

## ANSWER TO FIRST CAUSE OF ACTION
## 15 U.S.C. § 1681b(b)(3) against Canon and DOES 1-10

20.  No response is required to this paragraph as Plaintiff is merely incorporating his allegations from prior paragraphs by reference.  To the extent that a response is deemed necessary, Frasco incorporates its responses to Paragraphs 1 through 19 as though fully set forth herein at length.

21.  Denied.  The allegations in this paragraph consist of legal conclusions and are denied as such by Frasco.

22.  Denied.  The allegations in this paragraph consist of legal conclusions and are denied as such by Frasco.

23. Denied. Frasco denies the allegations in this paragraph because they are directed to a party other than Frasco and because Frasco lacks sufficient knowledge or information as to the truth of the allegations in this paragraph.

24. Denied. The allegations in this paragraph consist of legal conclusions and are denied as such by Frasco.

25. Denied. The allegations in this paragraph consist of legal conclusions and are denied as such by Frasco.

## ANSWER TO SECOND CAUSE OF ACTION
### 15 U.S.C. § 1681e(b) against Frasco and DOES 1-10

26. No response is required to this paragraph as Plaintiff is merely incorporating his allegations from prior paragraphs by reference. To the extent that a response is deemed necessary, Frasco incorporates its responses to Paragraphs 1 through 25 as though fully set forth herein at length.

27. Denied. The allegations in this paragraph consist of legal conclusions and are denied as such by Frasco.

28. Denied. Frasco denies that it failed to take reasonable steps as necessary to verify that the conviction information reported on Plaintiff's report actually belonged to Plaintiff. To the contrary, Frasco ensured that the identifying information associated with the defendant identified in the subject conviction matched that of Plaintiff and, after Plaintiff disputed the conviction on her report, Frasco verified that information was accurate. A factual basis for these conclusory allegations is demanded of Plaintiff.

29. Denied. Frasco denies that it negligently, let alone knowingly or recklessly, disregarded any risk of failure in verifying Plaintiff's conviction as the conviction was properly included in Plaintiff's report. Frasco denies that Plaintiff was the victim of a mixed file error and denies that it violated any duty under the FCRA. A factual basis for these conclusory allegations is demanded of Plaintiff.

30. Denied. Frasco denies that it failed to sufficiently conduct audits, reviews or quality control to ensure that the information it reported was accurate. Further responding,

Frasco's review verified that the information it reported regarding Plaintiff was accurate. A factual basis for these conclusory allegations is demanded of Plaintiff.

31.   Denied. Frasco denies that it failed to comply with its duties under 15 U.S.C. § 1681e(b) willfully or any in any other manner or degree and therefore denies liability to Plaintiff under 15 U.S.C. § 1681n. [1]

32.   Denied. Frasco denies that it failed to comply with its duties under 15 U.S.C. § 1681e(n) negligently, or in any other manner, and therefore denies liability to Plaintiff under 15 U.S.C. § 1681o.

### ANSWER TO THIRD CAUSE OF ACTION
### 15 U.S.C. § 1681i against Frasco and DOES 1-10

33.   No response is required to this paragraph as Plaintiff is merely incorporating his allegations from prior paragraphs by reference. To the extent that a response is deemed necessary, Frasco incorporates its responses to Paragraphs 1 through 32 as though fully set forth herein at length.

34.   Denied. The allegations in this paragraph consist of legal conclusions and are denied as such by Frasco.

35.   Admitted in part and denied in part. Frasco admits, after receiving Plaintiff's dispute on April 21, 2023, and after conducting its reasonable reinvestigation confirming the accuracy of the criminal information furnished in the April 18, 2023 Report, Frasco did not remove any non-existent erroneous criminal information from the revised report provided to Plaintiff on April 26, 2023. Unless otherwise admitted, Frasco denies the allegations in this paragraph.

36.   Denied. Frasco denies Plaintiff's "information and belief" that Frasco fell short of its reinvestigation obligations under Section 1681i of the FCRA in the course of verifying the accuracy of the disputed information in the April 18, 2023 Report. A factual basis for Plaintiff's "information and belief" contentions in this paragraph is demanded of

---

[1] Plaintiff asserts claims under 15 U.S.C. § 1681e(n), which does not exist. Frasco assumes that Plaintiff was referring to 15 U.S.C. § 1681e(b) and answers accordingly.

Plaintiff.

37. Denied. Frasco denies knowingly or recklessly disregarding the risk (or disregarding the risk in any manner) that a failure to conduct a reasonable investigation of Plaintiff's dispute would violate its duty under 15 U.S.C. § 1681i because Frasco conducted an eminently reasonable reinvestigation upon receiving Plaintiff's April 21, 2023 dispute. A factual basis for these conclusory allegations is demanded of Plaintiff.

38. Denied. Frasco denies that it willfully failed to comply with its duty under 15 U.S.C. § 1681i and, therefore, denies any liability to Plaintiff under 15 U.S.C. § 1681n. A factual basis for these conclusory allegations is demanded of Plaintiff.

39. Denied. Frasco denies that it negligently violated 15 U.S.C. § 1681i and, therefore, denies any liability to Plaintiff under 15 U.S.C. § 1681o. A factual basis for these conclusory allegations is demanded of Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff.

## ANSWER TO PRAYER FOR RELIEF

Denied. Frasco denies that Plaintiff is entitled to any relief in the absence of a viable cause of action under the FCRA. Further responding, Frasco denies that declaratory relief is available to a private litigant under the FCRA.

## AFFIRMATIVE DEFENSES

Frasco raises each of the following affirmative defenses to each and every cause of action asserted against it and to each act and or/omissions with which Frasco is charged in the Complaint. Frasco hereby alleges the following affirmative defenses without assuming the burden of proof where the burden is not by law upon Frasco. Additionally, Frasco expressly reserves the right to amend this Answer and/or assert additional affirmative defenses in response to the Complaint in the future. Any omission of an affirmative defense by Frasco in this Answer shall not constitute a waiver of any applicable affirmative defense in the future.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted. The April 18, 2023

employment screening report prepared by Frasco accurately includes record of Plaintiff's conviction in New York County, New York, for Petit Larceny under her known alias "Stephanie Diaz." This information was further confirmed by the fact that Plaintiff's date of birth, known alias data, and address matched with Stephanie Diaz. Therefore, Plaintiff has failed to articulate viable claims against Frasco under any section of the FCRA and all claims asserted against Frasco should be dismissed. [2]

## SECOND AFFIRMATIVE DEFENSE

The information furnished by Frasco in its April 18, 2023 employment screening report provided to co-defendant Canon and Plaintiff is accurate and true. Therefore, Frasco asserts the affirmative defense of truth as a counter to Plaintiff's claims under the FCRA.

## THIRD AFFIRMATIVE DEFENSE

Any violation of law or damage suffered by Plaintiff, which Frasco denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Frasco or damages attributable to Frasco.

## FOURTH AFFIRMATIVE DEFENSE

Frasco maintained and utilized reasonable procedures designed to ensure the maximum possible accuracy of the information in its consumer reports. In fact, the April 18, 2023 employment screening report prepared by Frasco was entirely accurate in its identification of Plaintiff's misdemeanor conviction for Petit Larceny. Upon receipt of Plaintiff's oral dispute of her conviction, Frasco conducted a reasonable reinvestigation, which resulted in the verification of the accuracy of criminal history information the April 18, 2023 Report.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Frasco, Inc. d/b/a Frasco Profiles, prays that this Answer be deemed sufficient and for entry of judgment as follows:

1. That Plaintiff take nothing by way of her Complaint, and that all claims be

---

[2] The known alias and address information was obtained by Frasco through a social security search using the social security number provided by Plaintiff on April 13, 2023.

dismissed with prejudice;

2. That judgment be entered against Plaintiff and in favor of Frasco;

3. That Frasco be awarded its full costs and reasonable attorneys' fees; and

4. For any further relief that the Court may deem just and equitable.

## JURY DEMAND

Defendant Frasco, Inc. requests a jury trial.

Dated: June 4, 2025                    **MESSER STRICKLER BURNETTE, LTD.**

*June D. Coleman*
June D. Coleman
Attorney for Defendant
Frasco, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 4, 2025, the forgoing document was electronically filed with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ June D. Coleman
June D. Coleman